**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANS

NOV  6 2000

JAMES W. McCORMACK, CLE
By: _____
                        DEP.CL

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### HELENA DIVISION

FRANK STEVENSON and REBECCA
HARSHBERGER, Administratrix of the
Estate of MARY E. STEVENSON, Deceased.                    **PLAINTIFFS**

V.                          **NO. 2:99-CV-00160 WRW**

UNION PACIFIC RAILROAD COMPANY,
and OPERATION LIFESAVER, INC.                             **DEFENDANTS**

## ORDER

**Plaintiffs' Motions to Amend the Complaint:**

Pending are Plaintiffs' Motion to Amend Complaint (Doc. No. 61) and Motion to

Substitute Proposed Third Complaint (Doc. No. 73). Defendants Operation Lifesaver, Inc. (OLI)

and Union Pacific (UP) have filed objections (Doc. Nos. 67, 74, and 77). Rule 15 of the Federal

Rules of Civil Procedure provides that "leave shall be freely given" to amend a pleading "when

justice so requires." Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs'

motions are GRANTED. Plaintiffs should file their Third Amended Complaint within ten days

of the date of this Order.

**Defendant Operation Lifesaver, Inc.'s Motion to Dismiss:**

Defendant Operation Lifesaver, Inc. (OLI) has filed a Motion to Dismiss (Doc. No. 47).

Plaintiffs have responded (Doc. No. 63) and requested permission to amend their Complaint, and

OLI has replied (Doc. No. 68). The motion to dismiss has been considered in light of the Third

Amended Complaint Plaintiffs wish to file. For the reasons set forth below, OLI's Motion to

Dismiss is GRANTED.



OLI has also filed a Motion to Enlarge Time within which to respond to discovery (Doc. No. 78).  Because OLI is dismissed from this action, this motion is denied as moot.

When considering a motion to dismiss, the Court assumes that all the factual obligations contained in the complaint are true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir.1990). A motion to dismiss will be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief.  Even assuming that all of the factual allegations against OLI are true, the Plaintiff has failed to state a claim upon which relief can be granted.

**A.**     **Restatement (Second) of Torts § 324 A**

Plaintiffs allege a cause of action against OLI based on § 324A of the Restatement of Torts, recognized by the Arkansas Supreme Court in Wilson v. Rebsamen Ins., Inc., 330 Ark. 687, 957 S.W.2d 678 (1997).

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a)     his failure to exercise reasonable care increases the rise of such harm, or
>
> (b)     he has undertaken to perform a duty owed by the other to the third person, or
>
> (c)     the harm is suffered because of reliance on the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

Plaintiffs allege that OLI assumed a "special duty" under § 324A because it holds itself out as an organization dedicated to the safety of the motoring public who come in contact with it, and because that program increases the risk of injury or death to motorists by creating an illusion of safety for the railroad industry's practices.

2

In support of their argument, Plaintiffs cite several cases where trade associations or other groups were found to have assumed a special duty.  See, e.g., Meneely v. S.R. Smith, Inc., 5 P.3d 49 (Wash. App. 2000) (National Spa Pool Institute);  FNS Mortgage Svc. Corp. v. Pacific Gen. Group, Inc., 29 Ca. Rptr. 2d 916 (Cal. App. 1994) (International Association of Plumbing and Mechanical Officials).

The organizations in these cases, however, wielded considerable power over their members.  Many of them issued standards with which the members were required to comply.  Lack of compliance might result in a substantial loss of sales.  Because these organizations required their members to meet certain standards, and were able to punish those who did not comply, the organizations were held to have accepted a special duty to the public to make sure that their standards were adequate.

Plaintiffs allege that, by issuing statements and providing information about safety, OLI sets standards for safety in the railroad industry.  Plaintiffs contend that government agencies and railroads rely on OLI's information and adjust their safety activities accordingly.  However, there is no allegation that OLI is in a position to "punish" railroads or the government for failure to follow any of OLI's "standards."

Alternatively, Plaintiffs allege that OLI created a public perception of safety and that Plaintiffs relied on by assuming that a reasonable driver who looked and listened would not be at risk of being hit by a train at a crossing.

This same type of argument was raised and dismissed by the Honorable James M. Moody in Arkansas Carpenters' Health & Welfare Fund v. Philip Morris Inc., 75 F. Supp. 2d 936, 944 (E.D. Ark. 1999).  There, the plaintiff argued that the defendants, by running advertisements

3

related to tobacco related health issues, had taken on a special duty "to act as a sort of guardian of the public health with regard to tobacco products." Id. Judge Moody dismissed the plaintiff's claim, stating:

> This Court finds no Arkansas case even remotely suggesting that one can assume the sort of "special responsibility" plaintiff describes simply by placing advertisements or issuing corporate statements.

Id.

Plaintiffs have failed to state a cause of action against OLI based on § 324A of the Restatement of Torts. Accordingly, OLI's motion to dismiss this claim is GRANTED.

### B.      Fraud

Plaintiffs allege that Defendant OLI fraudulently represented facts, seeking to induce reliance by the public, railroad employees, and government employees. Plaintiffs further allege that those parties relied on the misrepresentations and that has contributed to the existence of unsafe conditions and lack of safety devices at the crossing where Plaintiffs' accident occurred. Plaintiffs' Substituted Third Complaint states:

> [T]he crossing in this case would have had lights and gates prior to this accident but for defendants' interference with the federal safety program funding those installations. Those lights and gates would have prevented this accident.

See Substituted Third Complaint, paragraph 18.

OLI has moved to dismiss this claim, arguing that the allegations fail to meet the minimum threshold for the burden of pleading fraud under Arkansas law.

Under Arkansas law, allegations of fraud must demonstrate:

> (1) the defendant made a false, material representation (ordinarily of fact); (2) the defendant had knowledge the representation was false or asserted a fact which he did not know to be true; (3) the defendant intended the plaintiff should act on the

4

representation; (4) the plaintiff justifiably relied on the representation; and (5) plaintiff was damaged as a result of such reliance.

Wilson v. Allen, 305 Ark. 582, 583-84, 810 S.W.2d 42, 43 (1991).

The fraud alleged by Plaintiffs was directed to "the public, railroad employees, and government employees." See Substituted Third Complaint, paragraph 18.  Plaintiffs have not alleged the fraud was directed specifically to the Plaintiffs.  Plaintiffs have also failed to allege causation.  The only reliance pled in the Complaint is that of the government and railroad in not installing lights and gates.

"[A] plaintiff may not recover for fraud and misrepresentations directed to a third party." Arkansas Carpenters' Health & Welfare Fund v. Philip Morris, Inc., 75 F. Supp. 2d 936, 943 (E.D. Ark. 1999).

Accordingly, OLI's motion to dismiss this claim is GRANTED.

### C.    NonProfit Status

OLI moves to dismiss Plaintiffs' allegations with regard to the propriety of its non-profit corporation status.  In their response, Plaintiffs stated they have not attempted to plead a separate cause of action related to OLI's status.

I do not exactly understand what Plaintiffs claim in this respect, but since Plaintiffs state that they are not pleading a cause of action pertaining to OLI's status, OLI's motion to dismiss this claim is GRANTED.

### Conclusion:

Plaintiffs' Motion to Amend Complaint (Doc. No. 61) and Motion to Substitute Proposed Third Complaint (Doc. No. 73) are GRANTED.

Defendant Operation Lifesaver, Inc.'s Motion to Dismiss (Doc. No. 47) is GRANTED.

Its Motion to Enlarge Time Within Which to Respond to Discovery (Doc. No. 78) is DENIED as moot.

IT IS SO ORDERED this 6th day of November, 2000.

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 11/6/00 BY ____

6

lb

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Post Office & Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


November 6, 2000



* * MAILING CERTIFICATE OF CLERK * *


Re:  2:99-cv-00160.



True and correct copies of the attached were mailed by the clerk to the
following:

        William H. Sutton, Esq.
        Friday, Eldredge & Clark
        Regions Center
        400 West Capitol Avenue
        Suite 2000
        Little Rock, AR  72201-3493

        Scott H. Tucker, Esq.
        Friday, Eldredge & Clark
        Regions Center
        400 West Capitol Avenue
        Suite 2000
        Little Rock, AR  72201-3493

        Joseph Patrick McKay, Esq.
        Friday, Eldredge & Clark
        Regions Center
        400 West Capitol Avenue
        Suite 2000
        Little Rock, AR  72201-3493

        B. Michael Easley, Esq.
        Easley, Hicky, Cline & Hudson
        510 East Cross Street
        Post Office Box 1115
        Forrest City, AR  72336-1115

        Robert L. Pottroff, Esq.
        Myers, Pottroff and Ball
        320 Sunset Avenue
        Manhattan, KS  66502-3757

        Stephen W. Boyda, Esq.
        Attorney at Law
        Post Office Box 207

Marysville, KS  66508

Edwin L. Lowther Jr., Esq.
Wright, Lindsey & Jennings
200 West Capitol Avenue
Suite 2200
Little Rock, AR  72201-3699

Daniel A. Silien, Esq.
Preston/Gates/Ellis & Rouvelas/Meeds LLP
1735 New York Avenue, N.W.
Suite 500
Washington, DC  20006-5209

Elizabeth W. Fleming, Esq.
Preston/Gates/Ellis & Rouvelas/Meeds LLP
1735 New York Avenue, N.W.
Suite 500
Washington, DC  20006-5209

press

                                        James W. McCormack, Clerk

        11/6/00                                 Linda Bell
Date: _____        BY: _____