FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANS
AUG 14 2001
JAMES W. McCORMACK, CLE
By: ______
DEP.CLI

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**FRANK STEVENSON and REBECCA HARSHBERGER, ADMINISTRATRIX OF THE ESTATE OF MARY E. STEVENSON, DECEASED** — **PLAINTIFFS**

**VS.** — **NO. H-C-99-160**

**UNION PACIFIC RAILROAD COMPANY** — **DEFENDANT**

# PRE-TRIAL CONFERENCE INFORMATION SHEET

Come the Plaintiffs, Frank Stevenson and Rebecca Harshberger, Administratrix, by their attorneys, Easley, Hicky, & Hudson, and for their Pre-Trial Conference Information Sheet, state:

1. The identity of the party submitting information, place and time of pretrial conference.

RESPONSE: Mike Easley; Easley, Hicky, & Hudson and Bob Pottroff, Myers, Pottroff & Ball.

2. The names, addresses and telephone numbers of all counsel for the party.

RESPONSE: Mike Easley; Easley, Hicky & Hudson, P. O. Box 1115, Forrest City, AR 72336-1115, telephone (870) 633-1447, fax (870) 633-1687; and Bob Pottroff and Steve Boyda of Myers, Pottroff and Ball, 320 Sunset Ave. Manhattan, KS

237

66502-3757, telephone (785) 539-4656, fax (785) 539-1750.

3. A brief summary of the claims and relief sought.

RESPONSE: As a result of a grade crossing accident in Vanndale, AR on 11/6/98, Plaintiffs have sued the railroad for disabling injuries to Frank Stevenson (closed head injury, partial paraplegia, and other injuries) and, for the death of Mary Stevenson, his wife. Plaintiffs also have sued for punitive damages for reckless disregard for the safety of the public, and willful and wanton conduct.

4. Prospects for settlement, if any.

RESPONSE: Settlement appears unlikely.

5. The basis for jurisdiction or objections to jurisdiction.

RESPONSE: This is a diversity case. There have been no objections to jurisdiction.

6. A list of all pending motions.

RESPONSE: Plaintiffs' Motion for Sanctions arising out of Defendant's use of the media to launch a public relations program in the locale of the jury pool during trial.

7. A concise summary of facts.

RESPONSE: On 11/6/98, Plaintiffs were in their Nissan Pulsar heading west on Arkansas Highway 364 in Vanndale, when struck by a southbound UP train.

8. All proposed stipulations.

RESPONSE:

(a) That the following are genuine, authentic, and admissible:

(1) all medical records of Frank Stevenson;

(2) the USDA aerial photograph of the scene;

(3) the funeral bill of Mrs. Stevenson.

(b) That medical bills incurred by Mr. Stevenson, and the funeral bill of Mrs. Stevenson, were reasonable and necessary, and that all were proximately caused by the collision of 11/6/98.

(c) That the crewmembers on the train were, at the time of the collision, employees of the UPRR, and acting within the scope and authority of their employment with the railroad.

(d) That Mr. Stevenson's "Medical Expense Summary" attached to his actual bills, constitutes a summary under Rule 1006, and is admissible.

(e) All photographs or videos of Mr. and Mrs. Stevenson before and after the wreck are admissible.

(e) This court has jurisdiction over the parties and the subject matter.

(f) All witnesses endorsed by the parties hereto and any exhibit listed by any of the parties hereto, may be used by the other party without further endorsement or listing.

(g) Legible copies of original documents may be offered and admitted into evidence without further objection on the ground of best evidence rule.

(h) Reproductions, including enlargements, projected images and overlays of documents listed as exhibits hereto may be used in this litigation so long as any reproduction or overlay thereof does not otherwise distort the document.

(i) That parties and all witnesses may use diagrams, charts, video recordings and photographs, to include enlargements, to facilitate presentation of testimony and evidence.

(j) Blackboards, white boards, sketch pads or other similar writing devices, may be used to further facilitate the presentation of evidence and testimony.

(k) All persons who are contingently necessary persons for purpose of this litigation have been joined as parties hereto.

(l) Foundation for the BNSF Engineers Instruction Manual.

(m) Nobody from the railroad made any notation as to where the lead locomotive came to rest following the accident.

(n) Written discovery responses signed by counsel for the railroad is binding on the railroad.

9. The issues of fact expected to be contested.

RESPONSE: See Fact List attached hereto.

10. The issues of law expected to be contested.

RESPONSE:

(a) Whether defendant can suggest that a motorist is required to stop at a RR crossing with passive warning devices if he cannot see or hear a train?

(b) Whether the RR has a duty to work with landowners, local road authorities and the state to address issues created by sight triangle obstructions?

(c) The extent to which Federal Rule 406 will allow evidence concerning routine practices of the UPRR in failing to sound horns, failure to preserve evidence, creation of false evidence, and other wrongful conduct.

(d) Can defendant railroad advance claims that plaintiff or any other motorist has the duty to clear visibility obstructions from the railroad's right of way?

(e) To what extent the railroad's education program that blames the motorist for virtually all accidents created the circumstances and conditions that contributed to this accident.

(f) The extent to which punitive damages should be awarded based upon evidence of defendant's continued course of willful conduct, wanton conduct and reckless disregard for safety.

(g) The extent to which punitive damages should be awarded based upon defendant's creation of false evidence.

(h) The extent to which punitive damages should be awarded based upon defendant's failure to preserve evidence.

(i) The extent to which punitive damages should be awarded based upon defendant's intentional decision to ignore known safety hazards.

(j) The extent the railroad can re-argue its destruction of voice tapes and track inspection records to lessen the prejudicial effects of the Court's rulings.

(k) The extent to which defendant can argue that the dismissal of Operation Livesaver, Inc. as a defendant, immunizes the railroad from evidence that its own safety programs caused or contributed to the accident.

11. A list and brief description of exhibits that will be offered in evidence.

RESPONSE:

(a) A list of exhibits is attached.

(b) Plaintiffs reserve the right to introduce or refer to any exhibit identified by the Defendant.

(c) It is believed that plaintiffs have identified all relevant deposition exhibits for the following people: Plaintiff's experts Bernard Abrams, Alan Blackwell, Archie Burnham, Jerry Cusick, Ken Heathington, Harvey Levine, David Lipscomb, Jim Scott, Larry Williams, Charles Venus, and Helen Woodard. UPRR employees Jeff Ball, J.L. Barnes Jr., Dennis Beachler, Eldon Boswell, Bruce Brown, Danny Brown, Douglas Burrows, Debbie Davis, Mark William Davis, Doug Donham, Dennis Duffy, Kenny Eppes, Charles Felkins, Greg Fowler, Eddie Fuller, Lynn Fuller, Alice Going, Jerry Hardesty, Karen Jacobs, William Jacobs, Dennis Jacobson, Steve Kenyon, Phillip Lawson, Patricia Long, Ed Martin, Michael Myer,

Robert Owens, Aaron Pratt, Harvey Rainey, Michael Reed, John Rogers, John Schumacher, Leo Schwertley, Joan Scott, Cliff Shoemaker, Hans Chris Skinner, Thomas Soriano, Herbert Stuart, Glen Stutznegger, and Gary Leroy Tyner. If not, all the deposition exhibits for these individuals should be available for use at trial.

12. A list and brief description of charts, graphs, models, schematic diagrams and similar objects which will be used in opening statement or closing argument whether or not they will be offered in evidence.

RESPONSE: Plaintiffs intend to use the following in opening:

a) Survey of the scene
b) Aerial photo of the scene
c) Video clip of crossing and loose spike
d) The videotape illustrating the scene and expert opinions on how the accident occurred
e) Photographs of Mr. & Mrs. Stevenson
f) Photographs exchanged in discovery
g) Defendant's written discovery responses
h) Event recorder readouts
i) Excerpts from UP's General Code of Operating Rules
j) Excerpts from UP's past and current claims manuals
k) Empty boxes to represent missing records
l) Sight Distance illustrations [RRHGCHb]
m) UP rough crossing quotes
n) UP management depositions quotes

13. The names, addresses and telephone numbers of all witnesses who will be called, excluding witnesses to be used solely for impeachment or rebuttal. (Indicate the nature of the testimony to be given by each witness, i.e. liability, expert, property damages, pain and suffering, etc.)

RESPONSE: See attached witness list.

14. Any request to amend pleadings.

RESPONSE: None.

15. The current status of discovery, a precise statement of the remaining discovery and an estimate of time required to complete discovery.

RESPONSE: The parties have conducted about 75 depositions, and have about 10 left to do (these were agreed upon before the discovery deadline). Two are depositions of elderly persons unable to attend trial. Three, concerning the videotape illustrating expert opinions, are depositions plaintiff has agreed to allow. One is an ex-employee agreed upon by the parties following a Court order, but not deposed due to the need for service of a subpoena, which is now completed. One is plaintiff's economist. Both parties have mentioned there may be a need for trial depositions of a few witnesses.

16. Suggestions for expediting disposition of the action.

RESPONSE: The Court should rule well ahead of trial on the admissibility of Plaintiff's video illustrating expert opinions, which, if allowed, will shorten the trial by one to two days. In this case, a picture is "worth [more than] a thousand words". The Court may be assured that Plaintiffs understand the importance of streamlining the case, and are working diligently to do so. The case can also be shortened by requiring the

parties to stipulate foundation of exhibits and deposition transcripts of ex-employees unless good cause to contest the foundation exists. Unnecessary delay can also be prevented if the Court will issue an order directing defendant to take all necessary steps to insure that one of its numerous safety [public relations] programs will not be launched in the locale of the jury pool from now to the end of trial.

17. An estimate of length of trial.

RESPONSE: Two weeks if no media blitz has to be addressed during trial.

Respectfully submitted:
ROBERT L. POTTROFF

MYERS, POTTROFF & BALL
A Professional Association
320 Sunset Avenue
Manhattan, Kansas 66502-0489
[785] 539-4656
Supreme Court No. 10220
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I, Robert L. Pottroff, hereby certify that a true and correct copy of the above and foregoing document was delivered on the 13th day of August, 2001, addressed to:

Mr. Scott H. Tucker
2000 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3493
Via e-mail: stucker@fec.net
Attachments via fax 501-376-2147
Via Fed Ex Overnight Delivery

Original and two copies filed w/
Clerk of the Court
U.S. District Court / Arkansas- Helena Division,
600 W. Capitol Avenue
Room 402
Little Rock, AR 72201
Via Fed Ex Overnight Delivery

Chamber copy to:
Judge William Wilson
U.S. District Court / Arkansas- Helena Division,
600 W. Capitol Avenue
Little Rock, AR 72201
Via Fed Ex Overnight Delivery

Respectfully submitted:
ROBERT L. POTTROFF

MYERS, POTTROFF & BALL
A Professional Association
320 Sunset Avenue
Manhattan, Kansas 66502-0489
[785] 539-4656
Supreme Court No. 10220
Attorney for the Plaintiff

# Stevenson Case - PRETRIAL EXHIBIT LIST

| Identif... | Full Name |
|---|---|
| 001 | Motor Vehicle Accident Report |
| 002 | Harvey Rainey Statement to Police |
| 003 | Statement of Eldon Boswell to Highway Patrol |
| 004 | Statement of Thomas Quinn Jones to Highway Patrol |
| 009 | Manager's Report of Highway-Rail Grade Crossing Accident Form 20816X |
| 010 | Data Event Recorder Graphic Printout |
| 011 | Data Event Recorder Data Table |
| 012 | Advanced Consist |
| 013 | Timetable Number 1: North Little Rock Area 10/25/98 |
| 014 | Track Warrants & Bulletins |
| 015 | UPRR North Little Rock Area Profiles |
| 016 | Scheduled Train Summary-All Events |
| 021 | Event Recorder Manual:Train Trax Data Analysis Program Users Guide |
| 022 | Affidavit of Samual Stevenson |
| 023 | Affidavit of Alice G. Going |
| 024 | Affidavit of David Peterson |
| 025 | Affidavit of Charles Felkins |
| 026 | Event Recorder Download disk |
| 027 | Event Recorder Printouts from Bob Owens |
| 029 | Bob Owens / Patricia Long Correspondence |
| 032 | ASPLUNDH vegetation control contract and cover letter |
| 040 | Locomotive 9263 Maint Held Detail |
| 047 | Locomotive specifications / Drawings for UP9263 |
| 050 | Physical Characteristics Inquiry for UP6180 |

Stevenson Case - PRETRIAL EXHIBIT LIST

| Identif... | Full Name |
|---|---|
| 051 | Dispatchers Record of Movement of Trains |
| 052 | General Code of Operating Rules [All rules 1994-2000] |
| 053 | UP Grade Crossing Resource Manual |
| 054 | UP's Yellow Operation Lifesaver [UP 1985 Presenter's Manual] |
| 055 | OLI Presenter's Guide [1994-current] |
| 056 | UP Claims Operations Reference Guide [1992] |
| 057 | UP Claims Manual [current] |
| 058 | UP Track Standards |
| 059 | UP Engineering Track Maintenance Manual |
| 060 | Program Guide for Early OLI programs |
| 063 | AAR General Claims Conference Work Manual |
| 064 | FHWA Railroad-Highway Grade Crossing Handbook 1978 |
| 065 | FHWA Railroad-Highway Grade Crossing Handbook - Second Edition (1986) |
| 066 | Nancy McCulloch Van Accident Report |
| 067 | Union Pacific General Rules for Administering Discipline Effectively UPGRADE Policy |
| 068 | The Visibility and Audibility of Trains Approaching Rail-Highway Grade Crossings Report, May 1971 Final Report [Aurelius Study] |
| 069 | Levine Report |
| 070 | UP financial records & public documents listed in Attachments to Levine Report |
| 071 | Attachments to Levine Report |
| 074 | Cusick Photos |
| 075 | Williams Photos |
| 076 | Reed Photos [with photo sheets] |
| 077 | Long Photos [with photo sheets] |
| 078 | Channel 3 News Video |

Stevenson Case - PRETRIAL EXHIBIT LIST

| | Identif... | Full Name |
|---|---|---|
| | 079 | Video of track pins at crossing |
| | 081 | Blackwell Videotape, Ex 19 to Depo |
| | 082 | Video of Expert Opinions [Johnson-Cusick] |
| | 083 | UPRR Geometry Car Video of 6/12/95 |
| | 084 | UPRR Geometry Car Video of 1/4/99 |
| | 085 | Lipscomb Photos |
| | 086 | Stevenson [family] Photos |
| | 089 | UPRR Geometry Car Video 1997 |
| | 090 | Timetable 2 -10/29/95 [Pratt Depo Ex 1] |
| | 091 | Timetable No. 8 [Pratt Depo Ex 2] |
| | 099 | Sight Distance for Combination of Highway and Train Vehicle Speeds Table |
| | 102 | Heathington's Data Summary Report with Exhibits |
| | 104 | UP's Responses to Plaintiff's Interrogatories |
| | 105 | UP's Responses to Plaintiff's Requests for Production |
| | 106 | UP's Responses to Plaintiff's Requests to Admit |
| | 114 | Maintenance of Way Rules |
| | 120 | Safety Assurance & Compliance Program Report-Union Pacific, February 1998 |
| | 121 | Studies of railroad grade crossing accidents from Blackwell Deposition |
| | 122 | Blackwell Map |
| | 125 | Blackwell Inspection Report |
| | 126 | Blackwell Supplemental Report |
| | 127 | UP Senior Management Meeting from Blackwell Deposition |
| | 128 | Accident Investigation Guidelines Booklet from Blackwell Deposition |
| | 129 | Chief Engineers Instructions and Bulletins |

Stevenson Case - PRETRIAL EXHIBIT LIST

| | Identif... | Full Name |
|---|---|---|
| | 130 | Photos used by Alan Blackwell |
| | 134 | Survey Plot by Jerry Cusick |
| | 135 | Aerial Photos used by Jerry Cusick |
| | 136 | Survey with aerial overlay |
| | 137 | Jerry Cusick Field Notes |
| | 138 | Jerry Cusick Videotape |
| | 139 | List of Survey Points by Cusick |
| | 140 | Manual on Uniform Traffic Control Devices, 1988 |
| | 141 | Traffic Control Devices Handbook, 1983 |
| | 142 | A Policy on Geometric Design of Highways and Streets, American Assoc. of State Highway and Transportation Officials, 1984 and 1990 |
| | 143 | Comparing Speeds for Four Modes of Transportation with Equal Momentum Table |
| | 144 | Impact of Train Speed on Fatalities and Personal Injuries in United States Table |
| | 145 | Highway-Rail Crossing Accident/Incident and Inventory Bulletin, FRA 1994, 1995, 1996 |
| | 146 | A Policy on Geometric Design of Rural Highways, 1954, American Assoc. of State Highway Officials |
| | 147 | Traffic Engineering Handbook (4th Edition), Institute of Transportation Engineers, Prentice Hall, Inc., 1992 |
| | 148 | Traffic Accident Investigation Manual, The Traffic Institute, Northwestern University, Stannard J. Baker 1975 |
| | 149 | A Final Word on SAFETY!, Howard L. Anderson, FRA, September 1979 |
| | 150 | Highway Collision Analysis, James C. Collins and Joe L. Morris, 1967 |
| | 151 | Killer Roads: From Crash to Verdict, Richard S. Kuhlman, Contemporary Litigation Series |
| | 152 | Factors Influencing Safety at Highway-Rail Grade Crossings, National Co-Operative Highway Report 50, Highway Research Board |
| | 153 | Manual for Railway Engineering, 1990, American Railway Engineering Association |
| | 154 | Forensic Audiology by David M. Lipscomb |
| | 155 | Proceedings, Grade Crossing Safety Symposium, 1968 |
| | 156 | Transportation and Traffic Engineering Handbook (Second Edition, 1982) |

Stevenson Case - PRETRIAL EXHIBIT LIST

| Identif... | Full Name |
|---|---|
| 157 | Plaintiffs Medical Bills |
| 158 | Plaintiffs Medical Records |
| 159 | Mary Stevenson funeral bill |
| 160 | All exhibits to be introduced at the deposition of Charles Venus |
| 161 | Forensic Aspects of Vision and Highway Safety, Bernard Abrams, OD |
| 163 | Visual/human factor problems with crossing by Abrams |
| 164 | Eye/Physiology References used by Bernard Abrams |
| 165 | U.S. Naval Observatory Sun & Moon Data for November 6, 1998 |
| 166 | Lipscomb Intake Memo/Notes |
| 167 | Lipscomb Reference Materials |
| 168 | Octave-Band Sound Survey Form, Lipscomb |
| 169 | Measured Sound Output of Locomotive Horns, Lipscomb October 2000 |
| 170 | Preliminary Audibility Analysis |
| 172 | Life Care Plan and Deposition Exhibits of Helen Woodard |
| 173 | Cross County Railroad Crossings Vandale Corridor Chart 1 (Burnham) |
| 174 | Burnham Case Notes |
| 184 | Burlington Northern Railroad Engineers Instructions |
| 197 | Sound Measurements by Cusick |
| 201 | UPRR debris left on propery Clarence Johnson [gatearm] |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
|---|---|---|---|
| Gerty Allen | PO Box 41<br>Vanndale, AR 72387 | no phone | Fact Witness |
| Claudette Barber | 46 Cross 372<br>Wynne, AR 72396 | 870-238-0790 | Fact Witness |
| Chris Barber | 46 Cross 372<br>Wynne, AR 72396 | 870-238-0790 | Fact Witness |
| Ernest Cantrell | 813 Oak St.<br>Cross Co. Road Dept<br>Wynne, AR | 870-288-5445 | Fact Witness |
| J.L. Barnes, Jr. and Sr. | Althiemer Ark | 870-766-4581 | Fact Witness |
| Alan J. Blackwell | 2601 Lynn Ct.<br>North Platte, NE 69101 | 308-534-3160 | Expert Witness |
| Jerry Cusick | Wichita, KS | 316-265-7217 (W)<br>316-262-8917 (H) | Expert Witness |
| Jerry Evans | 60 Cross 362<br>Wynne, AR 72396 | 870-238-8010 (H)<br>870-238-3201 ex. 2209 (W) | Fact Witness |
| Hoyt Futrell | Wynne, AR | 870-238-5453 | Fact Witness |
| Betty Gill | Hwy. 364 E.<br>Vanndale, AR | | Fact Witness |
| Lynn Greenhaw | PO Box 62<br>2975 Hwy 364 E<br>Vanndale, AR 72387 | 870-238-7312 | Fact Witness |
| John Grounds | Cross Co. Road Dept<br>717 Murray Ave<br>Wynne, AR | 870-238-3916 | Fact Witness |
| T. (Michael) Hall | Cross Co. Sheriff's Office<br>Wynne, AR | 870-238-5700 | Fact Witness |
| Brian Hogland | Vanndale, AR 72387 | 870-238-3247 (mother) | Fact Witness |
| Mark Johnson | 2001 Rosswood Dr.<br>San Jose, CA 95124 | 408-879-9666 | Expert Witness |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
|---|---|---|---|
| Rebecca Harshberger | 815 Walnut Ave<br>Cherry Valley, AR | 870-588-4895 | Fact Witness |
| Glynnis Headley | PO Box 182<br>Vanndale, AR 72387 | 870-238-7436 | Fact Witness |
| Roy Headley | PO Box 182<br>Vanndale, AR | 870-238-7436 | Fact Witness |
| K.W. Heathington | Applied Research Associates<br>7653 Charlton Drive<br>Knoxville, TN 37920 | 865-573-0500 | Expert Witness |
| Jackie Henton | Vanndale Elementary School<br>Vanndale, AR | 870-588-2333 | Fact Witness |
| Nancy Hill | Highway 364<br>Vanndale, AR 72387 | 870-238-4293 | Fact Witness |
| Bill Hinchey | PO Box 122<br>3007 Hwy. 364 E<br>Vanndale, AR 72387 | 870-238-8887 | Fact Witness |
| Michael Inman, PhD. | 1209 Green Mountain Dr.<br>William Little Rock, AR 72211 | 501-224-8404 (H)<br>501-202-7617 (W)<br>501-661-6800 (Pager) | Expert Witness |
| Clarence Johnson | 220 Murray<br>Wynne, AR 72396 | 870-238-7799 | Fact Witness |
| Michael Johnson | Cross Co. Sheriff's Dept<br>Wynne, AR | 870-238-5700 | Fact Witness |
| JoAnn Roberson | Vanndale Elementary School<br>Vanndale, AR | 870-588-2333 | Fact Witness |
| Ashley Sanders Hill | unknown moved after marriage | unknown | Fact Witness |
| Frances Sanders | 2958 Hwy 364<br>Vanndale, AR 72387 | 870-238-4214 | Fact Witness |
| Betty Jones | 3181 Highway 364<br>Vanndale, AR 72837 | 870-238-3962 | Fact Witness |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
|---|---|---|---|
| Don Smith | Superintendent, Cross Co. School District<br>Cherry Valley, AR | 870-588-2333 | Fact Witness |
| Thomas Quinn Jones | 3181 Highway 364<br>Vanndale, AR 72387 | 870-238-3962 | Fact Witness |
| Christine Lambert | 410 County Road 333<br>Cherry Valley, AR 72324 | 870-588-4704 | Fact Witness |
| Gary Sanders | Cherry Valley, AR | 870-588-4390 870-588-4228(H) | Fact Witness |
| Jim Scott | Jim Scott & Associates<br>101 Rose Trace Court<br>Blontville, TN 37617 | 423-279-9349 | Expert Witness |
| Michael Selig | US District Court for Eastern District of Arkansas St. Highway and Transportation Dept<br>William Little Rock, AR | | Fact Witness |
| Timmy Lambert | 410 County Road 333<br>Cherry Valley, AR 72324 | 870-588-4704 | Fact Witness |
| Virginia Marie Lawson | 2945 Highway 364<br>Vanndale, AR 72387 | 870-238-8052 | Fact Witness |
| Harvey Levine | 10904 Earlsgate<br>Rockville, MD 20852 | 301-530-6022 | Expert Witness |
| Cliff Shoemaker | UPRR<br>Director, Industry & Public Projects<br>1416 Dodge Street<br>Omaha, NE 68179 | 402-271-4357 | Fact Witness |
| Carter Sides | Cross County Road Dept<br>Wynne, AR | | Fact Witness |
| David Lipscomb | Correct Service, Inc.<br>P.O. Box 1680 - mailing<br>7727 272nd N.W. | 360-629-4865 | Expert Witness |
| William Little | 1850 N. Avalon | unknown | Fact Witness |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
|---|---|---|---|
| ** | Apt. 132<br>West Memphis, AR 72301 | ** | ** |
| Jeff Ball | | | |
| Nancy J. McCulloch | 312 Rowena<br>Wynne, AR 72396 | 870-238-4149 | Fact Witness |
| Brent R. Mower | 1880 Steiner St.<br>#410<br>San Francisco, CA 94115 | 408-765-3039 | Liability Witness |
| Eldon Boswell | | | Fact Witness |
| Eileen Peeler | Vanndale, AR | | Fact Witness |
| Lee Persons | 3024 Highway 364 E.<br>Vanndale, AR 72378 | unpublished | Fact Witness |
| Grant R. Sperry | Forensic Document Examination Services, Operation Lifesaver, Inc.<br>7859 Cross Pike Drive<br>Germantown, TN 38138-8117 | 901-759-0729 | Expert Witness |
| Carla Stevenson | Hwy 364 E<br>Vanndale, AR 72387 | | Fact Witness |
| Ernest J. Peters, PE | Peters & Associates Engineers, Operation Lifesaver, Inc.<br>PO Box 21638<br>William Little Rock, AR 72221 | 501-225-0500 | Fact Witness |
| Frank Stevenson | P.O. Box 131<br>Etowah, AR 72428 | 870-633-1447 | Fact Witness |
| Calvin Veasley | 3114 Highway 364<br>Wynne, AR | 870-238-0102 | Fact Witness |
| Charles Venus | BIE Incorporated<br>Bank of America Plaza, Suite 1610<br>200 West Capitol Avenue<br>William Little Rock, AR 72201 | 501-375-0403 | Expert Witness |
| Nanette Ward | P.O. Box 8 | 870-238-0172 | Fact Witness |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
|---|---|---|---|
| ** | 2268 Hwy #1 N<br>Vanndale, AR 72387 | ** | ** |
| Alfred Buddy Watson | Hwy 1 B<br>Vanndale, AR 72387 | 870-588-6090 | Fact Witness |
| Larry Williams | 901 CR759<br>Jonesboro, AR 72401 | 870-930-7494 | Expert Witness |
| Kenneth Witcher | Wynne, AR | | Fact Witness |
| Bruce Brown | | | Fact Witness |
| Hellen Woodard | ReEntry Rehabilitation Services,<br>Operation Lifesaver, Inc.<br>1435 Reed Street<br>Lakewood, CO 80215 | 303-238-3700 | Expert Witness |
| Tommy Wright | Cross County Sheriff's Office<br>903 West Union<br>Wynne, AR 72396 | 870-238-5700 (W)<br>870-238-6355 (H) | Fact Witness |
| Archie Burnham | | | Expert Witness |
| Danny Brown | | 870-534-8109 | |
| UPRR Management | | | Liability Witness |
| Leatrice Wilson | | | Fact Witness |
| Patricia Long | | | Fact Witness |
| Aaron Pratt | | | Liability Witness |
| USDA rep | Butch Kelley<br>1940 N Fall<br>Wynne, AR 72396 | 870-238-3285 | Liability Witness |
| Martha Proctor | 1523 E. Union Ave.<br>Wynne, AR | 870-238-4508 | Fact Witness |
| UPRR former employees | | | Liability Witness |
| Mary Smith | 6 Chestnut Lane<br>Stafford, VA 22554 | 540-752-5852 | Damages Only |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
| --- | --- | --- | --- |
| Wesley McGee | 109 W Parkin<br>Parkin, AR | 870-755-2289 | Fact Witness |
| Michael Reed | | | Fact Witness |
| Herbert Stuart | | | Liability Witness |
| Travis "Sonny" Taylor | PO Box 1165<br>Cherry Valley, AR 72324 | 870-238-2313 | Fact Witness |
| Lenox Holliday | 10 CR 7670<br>Wynne, AR 72396 | 870-238-3858 | Fact Witness |
| Doug Donham | | | Fact Witness |
| Eddie Fuller | | | Liability Witness |
| John Wayne Taylor, Sr | 896 CR 147<br>Hickory Ridge, AR 72347 | 870-588-7186 | Fact Witness |
| Bill Winkler | | | Fact Witness |
| Burlington Northern Rep | | | Liability Witness |
| Ruth Sanasac | 1704 Whirlwind Trail<br>Austin, TX 78664 | 512-246-2453<br>512-576-3759 | Damages Only |
| Charles "Pewee" Stegall | | | Fact Witness |
| James Taylor | PO Box 12<br>Wynne, AR 72396 | 870-238-8948 | Fact Witness |
| Bernie Abrams | | | Expert Witness |
| Douglas Burrows | | | |
| Debbie Davis | | | |
| Dennis Duffy | | | Liability Witness |
| Kenny Eppes | | | |
| Charles Felkins | | | |
| Greg Fowler | | | |
| Lynn Fuller | | | |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
|---|---|---|---|
| Alice Going | | | |
| Karen Jacobs | | | |
| William Jacobs | | | |
| Dennis Jacobson | | | |
| Steve Kenyon | | | |
| Phillip Lawson | | | |
| Robert Owens | | | |
| Ed Martin | | | |
| Michael Myer | | | |
| Harvey Rainey | | | |
| John Rogers | | | |
| John Schumacher | | | |
| Leo Schwertley | | | |
| Joan Scott | | | |
| Hans Chris Skinner | | | |
| Thomas Soriano | | | |
| Glen Stutznegger | | | |
| Gary Leroy Tyner | | | |
| Mark William Davis | | | |
| Jeremy McGowan | PO Box 314<br>Bernie, MO 63822 | 573-293-6491 | Liability Witness |
| Terrance Braden, MD | PO Box 717<br>Jonesboro, AR 72403 | 870-933-5163 | Medical Provider |
| Willard Burks, MD | 710 South Falls Boulevard<br>Wynne, AR 72396 | 870-238-2321 (Office)<br>870-238-3300 (Hospital) | Medical Provider |

Stevenson Case Pretrial WITNESS LIST

| Full Name | Addresses | Phone Numbers | Type + |
|---|---|---|---|
| D. W. McGriff | RT. 5, Box 403<br>Star City, AR 71667 | 870-628-5958 | Liability Witness |
| Howard Whitfield | | 501-835-3697 | Liability Witness |
| Greg Baker | St. Louis, MO | 314-533-8901 | Liability Witness |
| William Faulk | 1111 Winnebago<br>N. William Little Rock, AR | 501-753-6402 | Liability Witness |
| B. J. "Bobby" Gibbs | 1915 Hwy. 31<br>Beebe, AR 72012 | 501-882-6921 | Liability Witness |
| Melvin Watson | 2107 Gerty Allen Circle<br>Central City, AR | 501-452-3697 | Liability Witness |
| Zane Hurst | 301 Chestnut Street<br>Walnutridge, AR 72476 | 870-886-9561 | Liability Witness |
| Eugene Redfern | 1909 S. Glenwood Ave.<br>Springfield, Il 62704 | 217-544-8651 | Liability Witness |
| Dewey Duncan | 14122 Ironton Cut Off Road<br>William Little Rock, AR | 501-888-2170 | Liability Witness |
| Carl Whitten | PO Box 623<br>Greenbrier, AR 72058 | 501-679-2428 | Liability Witness |
| Bill Russell | Jacksonville, AR | 501-985-0195 | Liability Witness |
| Richard Hess | 1792 North Falls<br>Wynne, AR 72396 | 870-238-9370 | Liability Witness |
| M.W. "Mike" Russell | 6013 Karen Drive<br>N. William Little Rock, AR | 501-851-1989 | Liability Witness |
| Donald Smith | 2026 North Hills Drive<br>Cabot, AR | 501-941-2948 | Liability Witness |
| Freddie Hudson | Cottonclint, AR | 870-459-2570<br>501-412-7388 (Cell) | Fact Witness |
| Officer Larry Williams2 | Cross County Sheriff's | 870-238-5700 | Fact Witness |

Stevenson Case - Disputed Facts

| # | Fact Text |
|---|---|
| 1 | Grade crossing timbers were loose before the collision, at the time of the collision, and after the collision. |
| 2 | Prior to the Stevenson Accident spikes in the crossing were loose, at times sticking up above the road surface, and popping up when vehicles traversed the crossing. |
| 3 | Prior to and after the Stevenson Accident crossing timbers were loose and occasionally became totally dislodged from the crossing. |
| 4 | Loose timbers, dislodged timbers and loose spikes were not properly repaired by the UPRR. |
| 5 | Vegetation growth on UP right of way not clear cut pursuant to Arkansas Law. |
| 6 | Vegetation growth on UP right of way and adjoining landowner land viewed by UP employees but no action taken before the collision to correct the dangerous condition which prevented drivers from detecting an oncoming train from either direction. |
| 7 | The condition of the loose grade crossing timbers and pins was a serious safety hazard to the public and diverted a driver's attention from detecting an approaching train from either direction before the collision, at the time of the collision and since the collision. |
| 8 | The condition of the vegetation on the UP right of way before the collision, at time time of the collision and for some period of time after the collision was a serious safety hazard to the public and obscured a driver's view of an approaching train. |
| 9 | The UP failure to clear cut the vegetation on the UP right of way pursuant to Arkansas law is negligence contributing to the cause of the collision. |
| 10 | The UP failure to contact the adjoining landowner or take action to eliminate the visibility obstructions on adjoining land within the sight triangle is negligence and contributed to the cause of the collision. |
| 110 | The UP over many years failed to control vegetation along the railroad corridor at the Highway 364 crossing and all along the line connecting Wynne and Jonesboro. |
| 120 | Prior to the Stevenson Accident UP management had knowlege of vegetation obstructions at Highway 364 grade crossing. |
| 130 | Frances Sanders observed vegetation growth near the grade crossing before the collision and at the time of the collision that was dangerous for a driver. |
| 14 | Frances Sanders observed the loose grade crossing timbers and heard the rumble of the loose timbers when vehicles passed over before and after the collision. |
| 15 | Frances Sanders has observed trains passing through Vanndale at the Highway 364 crossing blowing just short whistles and at times no whistles at all. |
| 16 | Crewman at the scene of the collision while Stevensons were being tended by the emergency personnel that when collisions occur it is, "Always the driver's fault." |
| 17 | During slow down or recessionary periods track maintenance functions and employees are among the first to be cut. |

Stevenson Case - Disputed Facts

| # | Fact Text |
|---|---|
| 18 | During and before 1998, there were cutbacks in maintenance that affected the maintenance of vegetation control and materials for grade crossing repair, i.e. no vegetation control at the Highway 364 crossing and reject ties being installed. |
| 19 | The Highway 364 grade crossing was one of the most dangerous crossings on the Wynn Sub because of the lack of vegetation control. |
| 20 | UP track inspections were often "paper reports" made without an actual inspection have been completed. |
| 21 | UPRR knows that loose grade crossing timbers and loose pins are indicative of serious defects in the grade crossing structure. |
| 22 | The UP management did not want a paper trail of any serious track or grade crossing safety defects as evidence in case there was an incident of damage or injury. |
| 23 | Adjoining landowners to the Highway 364 grade crossing, were never contacted by the UP for any reason. If contacted he would have given permission to cut any vegetation on their property that contributed in any way to a visibility problem at the Highway 364 grade crossing. |
| 24 | The pattern and practice of the UP has been to fail to record complaints concerning safety defects at the Highway 364 grade crossings and other grade crossings in Vanndale. |
| 25 | The pattern and practice of the UP has been to destroy any evidence of complaints or records showing safety defects at the Highway 364 grade crossing and other grade crossings in Vanndale. |
| 26 | The pattern and practice of UP management has been to ignore train crew complaints and public complaints concerning vegetation obstructions at the Highway 364 grade crossing. |
| 27 | The pattern and practice of UP has been to cut back on maintenance crews and materials needed to maintain a safe grade crossing at the Highway 364 and other grade crossing in Vanndale. |
| 28 | The pattern and practice of the UP has been to fail to record safety defects or destroy any records that have been made to avoid any responsibility for liability in the event of a collision. |
| 29 | The pattern and practice of the UP has been to maintain a work environment that intimidates its non-management employees so that statements given by employees protect the railroad from any liability claims. |
| 30 | The pattern and practice of the UP is not to inform local road authorities or the state authority of near misses, complaints or safety defects at grade crossings, and in particular the Highway 364 grade crossing. |
| 31 | UP had prior notice that its traincrews were not blowing train horns properly at the 364 Crossing. |
| 32 | The UP does not employ sufficient means to find and correct visual problems at grade crossings, and did not in this case |
| 33 | UP does not have in place or utilize effective reporting procedures so as to report and retain information that would prevent other grade crossing collisions. |
| 34 | Many people have notified the railroad of problems at this crossing prior to the Stevenson Accident. |

## Stevenson Case - Disputed Facts

| # | Fact Text |
|---|---|
| 35 | The train horn was not properly blow before the Stevenson Accident. |
| 36 | Near mises were not properly reported or investigated. |
| 37 | Prior accidents were not properly investigated. |
| 38 | Proper investigation of near misses, accidents and complaints at this crossing should have identified the safety problems that caused the Stevenson Accident. |
| 39 | UPRR has elected to ignore safety hazards and make certain that no records of such hazards exist. This practice allows such hazards to continue without being properly addressed. This intentional choice of the UPRR contibuted to the Stevenson Accident. |
| 40 | UPRR has elected to ignore safety hazards and make certain that no records of such hazards exist. This practice has created an atmosphere were employees know that it is futile to report crossing safety hazards.This intentional choice of the UPRR and the resultant apathy of its employees contibuted to the Stevenson Accident. |